IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Derrick Phipps, et al.,<br>   *Plaintiffs,*<br><br>   -vs-<br><br>Sheriff of Cook County, and Cook County, Illinois,<br>   *Defendants.* | )<br>)<br>)<br>) No. 07 CV 3889<br>) Judge Elaine Bucklo<br>) Magistrate Judge Cole<br>) *(jury demand)*<br>)<br>) |

# AMENDED COMPLAINT

Plaintiffs, by counsel, alleges as follows:

1.  This is a civil action arising under Section 202 of the Americans with Disabilities Act, 42 U.S.C. §12132, Section 504 of the Rehabilitation Act, 29 U.S.C. §794(a), and 42 U.S.C. §1983. The jurisdiction of this Court is conferred by 28 U.S.C. §12133, 29 U.S.C. §794a(a)(2), and 28 U.S.C. §1343.

2.  Plaintiffs Derrick Phipps, Kevin House, Kenneth Courtney, and James Grant are residents of the Northern District of Illinois who are wheelchair bound.

3.  Defendants are the Sheriff of Cook County and Cook County, Illinois.

4.  Plaintiff Phipps is a paraplegic. He was assigned to the "Residential Treatment Unit" ("RTU") of Division Eight from April 11, 2007 to May 13, 2007.

5.  While confined at the RTU, Plaintiff Phipps was discriminated against because of his disability in violation of § 202 of the Americans with Disabilities Act of 1990(ADA) and § 504 of the Rehabilitation Act of 1973 because defendants failed to provide appropriate shower facilities, appropriate toilet facilities, and appropriate beds for wheelchair bound

persons.

6. Plaintiff Phipps developed an infection from his bed sores as the direct and proximate result of the discrimination described above; on or about May 13, 2007, plaintiff was transferred to the hospital wing of Division Eight ("Cermak Hospital") where he remained until he was discharged in July of 2007.

7. While confined at Cermak Hospital, Plaintiff Phipps continued to be discriminated against because of his disability in violation of § 202 of the Americans with Disabilities Act of 1990(ADA) and § 504 of the Rehabilitation Act of 1973 because defendants failed to provide appropriate shower facilities, appropriate toilet facilities, and appropriate beds for wheelchair bound persons.

8. Plaintiff Phipps incurred personal injuries as a result of the above described discrimination at the RTU and Cermak Hospital: plaintiff fell on several occasions while trying to maneuver his body from the wheelchair to a non-handicap accessible toilet; and while trying to maneuver his body from the wheelchair to the non-handicap accessible bed; plaintiff was required to shower while sitting in his wheelchair (rather than on a handicap accessible chair) and was unable to clean and dry his body

9. Plaintiff Phipps was also denied enlargement from custody at the Cook County Jail through the "Sheriff's Electronic Monitoring" program because of his disability: plaintiff was found qualified for placement in the "Electronic Monitoring" program on his admission to the jail but was denied placement in this program because of the Sheriff's refusal to maintain appropriate policies for the transportation of persons, like plaintiff, who are paraplegic.

10. Plaintiff Kevin House is a paraplegic. He was assigned to Cermak Hospital from March 15, 2007 through April 6, 2007. While confined to Cermak Hospital, Plaintiff

House was discriminated against because of his disability in violation of ADA and Sect. 504 of the Rehabilitation Act of 1973 because defendants failed to provide him appropriate shower facilities, appropriate toilet facilities, and appropriate beds for wheelchair bound persons.

11.    Plaintiff House incurred personal injuries as a result of the above described discrimination at Cermak Hospital : plaintiff fell on several occasions while attempted to transfer to a non –accessible chair in the shower area.

12.    Plaintiff Courtney is a paraplegic. Since entering the Jail on June 6, 2006, Plaintiff Courtney has been assigned to Cermak Hospital . He is being discriminated against at Cermak Hospital  because of his disability in violation of ADA and Sect. 504 of the Rehabilitation Act of 1973 because defendants have not  provided him  with appropriate shower facilities, wash basins  and appropriate beds for wheelchair bound persons. Since entering Cermak Hospital, Plaintiff Courtney has been unable to take a shower because the showers are not accessible. Plaintiff Courtney has filed a grievance and exhausted the administrative remedies available at the Jail prior to filing this action.

13.    Plaintiff Courtney has  suffered personal injuries as a result of the above described discrimination at Cermak Hospital. Plaintiff has fallen on several occasions attempting to transfer from his inaccessible bed to his wheelchair. Courtney's bed sores have also become infected as a result of not being able to shower.

14.    Plaintiff James Grant has a spinal cord injury and is partially paralyzed on his left side. Since March of 2007, Plaintiff Grant has been assigned to Cermak Hospital and is being  discriminated against  because of his disability in violation of ADA and Sect. 504 of the Rehabilitation Act of 1973 because defendants have failed  to provide him appropriate shower facilities, toilets,  wash basins  and appropriate beds for wheelchair bound persons.

Since entering Cermak Hospital, Plaintiff Grant has been unable to take a shower because the showers are not accessible. Plaintiff Grant has filed a grievance and exhausted the administrative remedies available at the Jail prior to filing this action.

15. Plaintiff Grant has suffered personal injuries as a result of the above described discrimination at Cermak Hospital: Plaintiff Grant has fallen on several occasions attempting to transfer to and from the toilet and he has developed rashes on his body as a result of not being able to shower.

16. As a result of the foregoing, the plaintiffs have incurred physical injuries, were subjected to emotional distress, and were deprived of equal protection of law, as secured by the Fourteenth Amendment to the Constitution of the United States, and were discriminated against in violation of the Americans with Disabilities Act, 42 U.S.C. §12132 and Section 504 of the Rehabilitation Act.

17. Plaintiffs bring this action for a class of all former and current wheelchair bound inmates at the Cook County Department of Corrections who on or after July 12, 2005 were subjected to discrimination because of their disability in violation of § 202 of the Americans with Disabilities Act of 1990(ADA) and § 504 of the Rehabilitation Act of 1973 because defendants failed to provide appropriate shower facilities, appropriate toilet facilities, and appropriate beds for wheelchair bound persons. The proposed class satisfies each of the requirements of Rule 23(a) of the Federal Rules of Civil Procedures. The relief sought is appropriate damages for each person subjected to the aforementioned discrimination and class certification is appropriate under Rule 23(b)(3).

18. Plaintiffs hereby demands trial by jury.

WHEREFORE, the Plaintiffs requests certification of a class under Rule 23(b)(3) and Judgment be entered in favor of the plaintiffs in an amount in excess of one hundred

thousand dollars, plus attorney fees and costs, against the Defendants.

_____
Thomas G. Morrissey, Ltd.
10249 South Western Avenue
Chicago, Illinois 60643
(773) 233-7900

Robert H. Farley, Jr., Ltd.
1155 South Washington
Naperville, Illinois 60540
(630)-369-0103

Kenneth N. Flaxman
200 South Michigan Avenue
Suite 1240
Chicago, Illinois 60604
(312) 427-3200

*Attorneys for Plaintiffs*