UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DERRICK PHIPPS, et al.<br><br>Plaintiff,<br><br>v.<br><br>SHERIFF OF COOK COUNTY, and COOK COUNTY, ILLINOIS,<br><br>Defendants. | No.  07 C 3889<br><br>Judge Elaine Bucklo<br><br>Magistrate Judge Cole |

### DEFENDANT'S RESPONSES TO PLAINTIFFS' FIRST REQUEST TO ADMIT

NOW COMES Defendant, Sheriff of Cook County, by and through its attorney, Daniel F. Gallagher of Querrey & Harrow, Ltd., and for its responses to Plaintiffs' First Request to Admit, responds as follows:

1. Plaintiff Derrick Phipps is a paraplegic and is wheelchair bound.

**RESPONSE:** Defendant admits.

2. Mr. Phipps' impairment substantially limits a major life activity.

**RESPONSE:** Defendant objects as it calls for legal conclusion. Therefore, defendant denies same.

3. Mr. Phipps is "disabled" within the meaning of the Americans with Disabilities Act (hereinafter "ADA").

**RESPONSE:** Defendant objects as it calls for legal conclusion. Therefore, defendant denies same.

4. Plaintiff James Grant has a spinal cord injury and is partially paralyzed on his left side.

**RESPONSE:** Defendant admits.

5. Mr. Grant is wheelchair bound.

**RESPONSE:** Defendant admits.

6. Mr. Grant's impairment substantially limits a major life activity.

**RESPONSE:** Defendant objects as it calls for legal conclusion. Therefore, defendant denies same.

7. Mr. Grant is "disabled" within the meaning of the "ADA."

**RESPONSE:** Defendant objects as it calls for legal conclusion. Therefore, defendant denies same.

8. Plaintiff Kenneth Courtney is a paraplegic and is wheelchair bound.

**RESPONSE:** Defendant admits.

9. Mr. Courtney's impairment substantially limits a major life activity.

**RESPONSE:** Defendant objects as it calls for legal conclusion. Therefore, defendant denies same.

10. Mr. Courtney is "disabled" within the meaning of the "ADA."

**RESPONSE:** Defendant objects as it calls for legal conclusion. Therefore, defendant denies same.

11. Plaintiff Kevin House has a spinal cord injury and is partially paralyzed.

**RESPONSE:** Defendant admits.

12. Mr. House is wheelchair bound.

**RESPONSE:** Defendant admits.

13. Mr. House's impairment substantially limits a major life activity.

**RESPONSE:** Defendant objects as it calls for legal conclusion. Therefore, defendant denies same.

14. Mr. House is "disabled" within the meaning of the "ADA."

**RESPONSE:** Defendant objects as it calls for legal conclusion. Therefore, defendant denies same.

15. Defendants Sheriff of Cook County is a "public entity" within Title II of the "ADA."

**RESPONSE:** Defendant admits.

16. Defendants Cook County is a "public entity" within Title II of the ADA.

**RESPONSE:** Defendant admits.

17. Defendants are subject to the requirements of Title II of the ADA.

**RESPONSE**: Defendant admits.

18. Under Title II of the ADA, any facility or part of a facility constructed by, or on behalf of, or for the use of a public entity must be designed and constructed in such a manner that the facility or part of the facility is readily accessible to and usable by individuals with disabilities.

**RESPONSE**: Defendant denies.

19. Under Title II, "readily accessible and usable" means that the facility must be designed, constructed, or altered in strict compliance with one of two design standards, the Uniform Federal Accessibility Standards (UFAS) or the Americans with Disabilities Act Accessibility Guidelines for Buildings and Facilities (ADAAG).

**RESPONSE**: Defendant admits.

20. Male wheelchair bound detainees at he Cook County Department of Corrections (hereinafter "Jail") may be assigned to living units in the Residential Treatment Unit (hereinafter "RU") of Division Eight or to the Cermak Health Service Building ("Cermak").

**RESPONSE**: Defendant admits.

21. The Cermak Health Service Building was constructed after the enactment of Title II.

**RESPONSE**: Defendant denies as phrased.

22. Plaintiff Grant was assigned to Dorm C2 of the R.U. for some period of time during his incarceration at the Jail in the year 2007.

**RESPONSE**: Defendant denies.

23. The photograph reproduced below (previously marked as CCC057) fairly and accurately depicts the three sinks which were in existence in Dorm C2 during the time of 2007 when plaintiff Grant was assigned to that dorm.

**RESPONSE**: Defendant denies.

24. The sinks which were in existence in Dorm C2 during the time in 2007 when plaintiff Grant was assigned to Dorm C2 are not and were not in compliance with the UFAS.

**RESPONSE**: Defendant denies.

25. The sinks which were in existence in Dorm C2 during the time in 2007 when plaintiff Grant was assigned to Dorm C2 are not and were not in compliance with the ADAAG.

**RESPONSE**: Defendant denies.

26. The photographs set out below (previously marked as CCC054 and CCC055) fairly and accurately depict the toilets which were in existence within Dorm C2 during the time in 2007 when plaintiff Grant was assigned to that dorm.

RESPONSE:   Defendant denies.

27. The toilets which were in existence within Dorm C2 during the time in 2007 when plaintiff Grant was assigned to that dorm are not and were not in compliance with the UFAS.

RESPONSE:   Defendant denies.

28. The toilets which were in existence within Dorm C2 during the time in 2007 when plaintiff Grant was assigned to that dorm are not and were not in compliance with the ADAAG.

RESPONSE:   Defendant denies.

29. The photographs set out below (previously marked as CCC058, CCC059, and CCC060) fairly and accurately depict the showers which were in existence within Dorm C2 during the time in 2007 when plaintiff Grant was assigned to that dorm.

RESPONSE:   Defendant denies.

30. The showers which were in existence within Dorm C2 during the time in 2007 when plaintiff Grant was assigned to that dorm are not and were not in compliance with the UFAS.

RESPONSE:   Defendant denies.

31. The showers which were in existence within Dorm C2 during the time in 2007 when plaintiff Grant was assigned to that dorm are not and were not in compliance with the ADAAG.

RESPONSE:   Defendant denies.

          Respectfully Submitted,

          Attorneys Sheriff of Cook County

By:    s/ Daniel F. Gallagher
        Daniel F. Gallagher
        Querrey & Harrow, Ltd.

Daniel F. Gallagher
Querrey & Harrow, Ltd.
175 West Jackson, Suite 1600
Chicago, Illinois 60604
312-540-7000