**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Derrick Phipps, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | 07 C 3889 |
| | ) | |
| vs. | ) | Honorable Judge |
| | ) | Elaine Bucklo |
| Sheriff of Cook County and Cook County, | ) | |
| | ) | Magistrate Judge Cole |
| Defendants. | ) | |

**<u>DEFENDANTS' RESPONSE TO PLAINTIFFS' FIRST REQUEST TO ADMIT</u>**

NOW COMES Defendant, COOK COUNTY, by its attorney RICHARD A. DEVINE, State's Attorney of Cook County, through his Assistant State's Attorney, Jamie M. Sheehan, and responds to Plaintiff's Request to Admit as follows:

1.      Plaintiff Derrick Phipps is a paraplegic and is wheelchair bound.

RESPONSE:   Defendant admits.


2.      Mr. Phipps' impairment substantially limits a major life activity.

RESPONSE:   Defendant admits.


3.      Mr. Phipps is "disabled" within the meaning of the Americans with Disabilities Act (hereinafter "ADA").

RESOPNSE:   Defendant admits.

4.      Plaintiff James Grant has a spinal cord injury and is partially paralyzed on his left side.

RESPONSE:   Defendant admits.

5.      Mr. Grant is wheelchair bound.

RESPONSE:    Defendant admits

6.      Mr. Grant's impairment substantially limits a major life activity.

RESPONSE:    Defendant admits

7.      Mr. Grant is "disabled" within the meaning of the "ADA."

RESPONSE:  Defendant admits

8.      Plaintiff Kenneth Courtney is a paraplegic and is wheelchair bound.

RESPONSE:   Defendant admits

9.      Mr. Courtney impairment substantially limits a major life activity.

RESPONSE:   Defendant admits

10.     Mr. Courtney is "disabled" within the meaning of the "ADA."

RESPONSE:     Defendant admits

11.     Plaintiff Kevin House has a spinal cord injury and is partially paralyzed.

RESPONSE:     Defendant admits

12.     Mr. House is wheelchair bound.

RESPONSE: Defendant admits

13.     Mr. House's impairment substantially limits a major life activity.

RESPONSE: Defendant admits

14.     Mr. House is "disabled" within the meaning of the "ADA."

RESPONSE: Defendant admits

15.     Defendants Sheriff of Cook County is a "public entity" within Title II of the

"ADA."

RESPONSE: Defendant admits

16.     Defendants Cook County is a "public entity" within Title II of the ADA.

RESPONSE: Defendant admits

17.     Defendants are subject to the requirements of Title II of the ADA.

RESPONSE: Defendant admits

18.     Under Title II of the ADA, any facility or part of a facility constructed by, or on behalf of, or for the use of a public entity must be designed and constructed in such a manner that the facility or part of the facility is readily accessible to and usable by individuals with disabilities.

RESPONSE: Defendant denies.

19.     Under Title II, "readily accessible and usable" means that the facility must be designed, constructed, or altered in strict compliance with one of two design standards, the Uniform Federal Accessibility Standards (UFAS) or the Americans with Disabilities Act Accessibility Guidelines for Buildings and Facilities (ADAAG).

RESPONSE: Defendant admits.

20.     Male wheelchair bound detainees at the Cook County Department of Corrections (hereinafter "Jail") may be assigned to living units in the Residential Treatment Unit (hereafter "RU") of Division Eight or to the Cermak Health Service Building ("Cermak").

RESPONSE: Defendant admits.

21.     The Cermak Health Service Building was constructed after the enactment of Title II.

RESPONSE: Defendant admits.

22.     Plaintiff Grant was assigned to Dorm C2 of the R.U. for some period of time during his incarceration at the Jail in the year 2007.

RESPONSE:  Defendant denies.

23.     The photograph reproduced below (previously marked as CCC057) fairly and accurately depicts the three sinks which were in existence in Dorm C2 during the time in 2007 when plaintiff Grant was assigned to that dorm.

RESPONSE:  Defendant denies.

24.     The sinks which were in existence in Dorm C2 during the time in 2007 when plaintiff Grant was assigned to Dorm C2 are not and were not in compliance with the UFAS.

RESPONSE: Defendant denies.

25.     The sinks which were in existence in Dorm C2 during the time in 2007 when plaintiff Grant was assigned to Dorm C2 are not and were not in compliance with the ADAAG.

RESPONSE: Defendant denies.

26.     The photographs set out below (previously marked as CCCO54 and CCC055) fairly and accurately depict the toilets which were in existence within Dorm C2 during the time in 2007 when plaintiff Grant was assigned to that dorm.

RESPONSE: Defendant denies.


27.     The toilets which were in existence within Dorm C2 during the time in 2007 when plaintiff Grant was assigned to that dorm are not and were not in compliance with the UFAS.

RESPONSE: Defendant denies.


28.     The toilets which were in existence within Dorm C2 during the time in 2007 when plaintiff Grant was assigned to that dorm are not and were not in compliance with the ADAAG.

RESPONSE: Defendant denies.


29.     The photographs set out below (previously marked as CCC058, CCC059, and CCC060) fairly and accurately depict the showers which were in existence within Dorm C2 during the time in 2007 when plaintiff Grant was assigned to that dorm.

RESPONSE: Defendant denies.


30.     The showers which were in existence within Dorm C2 during the time in 2007 when plaintiff Grant was assigned to that dorm are not and were not in compliance with the UFAS.

RESPONSE: Defendant denies.

31.    The showers which were in existence within the Dorm C2 during the time in 2007 when plaintiff Grant was assigned to that dorm are not and were not in compliance with the ADAAG.

RESPONSE:  Defendant denies.


Respectfully submitted,

RICHARD A. DEVINE
State's Attorney of Cook County


By: _____
          Jamie M. Sheehan
          Assistant State's Attorney
          Civil Actions Bureau
          500 Richard J. Daley Center
          Chicago, Illinois 60602
          (312) 603-6772


January 4, 2008