IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **DERRICK PHIPPS, KEVIN HOUSE, KENNETH COURTNEY, and JAMES GRANT,** individually and on behalf of a class,<br><br>Plaintiffs,<br><br>v.<br><br>**SHERIFF OF COOK COUNTY, and COOK COUNTY, ILLINOIS,**<br><br>Defendants. | No. 07 C 3889 |

**MEMORANDUM OPINION AND ORDER**

Plaintiffs Derrick Phipps, Kevin House, Kenneth Courtney, and James Grant have brought a class action complaint against defendants the Sheriff of Cook County and Cook County, Illinois alleging violations of section 202 of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12132, section 504 of the Rehabilitation Act, 29 U.S.C. § 794(a), and 42 U.S.C. § 1983. Plaintiffs have now moved to certify a class defined as

> All former and current wheelchair bound inmates at the Cook County Department of Corrections who after July 11, 2005 were subjected to discrimination because of their disability in violation of § 202 of the [ADA] and § 504 of the Rehabilitation Act.

Defendant the Sheriff of Cook County ("defendant") opposes class certification on the grounds that plaintiffs cannot establish numerosity, commonality and typicality, adequacy of representation

1

and predominance of questions of law or fact common to the class members. For the following reasons, plaintiffs' motion is granted.

I.

Plaintiffs are paraplegics or partially paralyzed individuals who were pre-trial detainees housed at the Cook County Department of Corrections ("CCDC") between 2006 and 2007. The complaint alleges plaintiffs were discriminated against when defendants failed to provide appropriate shower facilities, appropriate toilet facilities, and appropriate beds for wheelchair bound individuals. (Am. Compl. at ¶ 5.) Plaintiffs allege they have suffered various injuries as a result of the discrimination, including bed sores, rashes, other physical injuries — as a result of falling when attempting to utilize the non-handicapped facilities — and emotional distress.

II.

In assessing plaintiffs' motion for class certification, I must determine whether the four prerequisites of Federal Rule of Civil Procedure 23(a) are met, and whether plaintiff can maintain his suit under Rule 23(b)(1), (2), or (3). The four prerequisites of Rule 23(a) are that (1) the proposed class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims of the representative party are typical of the claims of the class; and (4) the representative party will fairly and adequately protect the

interests of the class. FED. R. CIV. P. 23(a). Plaintiff's motion for class certification proceeds under Rule 23(b)(3), which requires that "questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy." FED. R. CIV. P. 23(b)(3). I address each of these requirements below.

A. Numerosity

In order to satisfy Rule 23's numerosity requirement, a class must be "so numerous that joinder of all members is impracticable." FED. R. CIV. P. 23(a)(1). Plaintiffs are not required to allege the exact number or identity of the class members and I am permitted to make common sense assumptions in order to find support for numerosity. *See Block v. Abbot Laboratories*, No. 99 C 7457, 2002 WL 485364, at *3 (N.D. Ill. Mar. 29, 2002) (citations omitted). Here, plaintiffs have identified four named plaintiffs and 12 additional class members who were housed at the CCDC during the period of August 29, 2007 to September 26, 2007. Plaintiffs estimate that since July 2005 more than 50 wheelchair bound individuals have been housed at the CCDC and will be part of the class. This is a sensible estimate which satisfies the numerosity requirement. *See, e.g., id.* (citations omitted) ("courts have found this element satisfied when the putative class consists of as

few as 10 to 40 members"). Although defendants take issue with the reliability of the statements by the 12 identified additional class members, plaintiffs' estimate is still reasonable based the number of wheelchair bound inmates identified thus far, the size of the CCDC, and the time period for which they seek to certify a class. I find this requirement met.

B. Commonality

The second requirement of Rule 23(a) is that "there are questions of law or fact common to the class." FED. R. CIV. P. 23(a)(2). The commonality requirement is satisfied by showing "a common nucleus of operative fact." *Keele v. Wexler*, 149 F.3d 589, 594 (7th Cir. 1998) (citation omitted). In this case, the common nucleus of operative fact is be the discrimination resulting from the conditions and accessibility of the shower and toilet facilities to wheelchair bound individuals. Defendant points out that the named plaintiffs were housed in different housing units within the CCDC. This does not defeat commonality, however, as the plaintiffs sufficiently allege a common discriminatory practice throughout the CCDC. *See Dimm v. City of Chicago*, 231 F.R.D. 367, 372 (N.D. Ill. 2005) ("[t]he variations identified by defendant in the actual treatment of certain detainees [] do not eliminate the common nucleus of fact"); *Moeller v. Taco Bell Corp.*, 220 F.R.D. 604, 608-10 (N.D. Cal. 2004) (architectural differences among defendants' locations did not defeat commonality for purposes of

4

certifying class under the ADA); *see also Humphrey v. Int'l Paper*, No. 02 C 4147, 2003 WL 2211093, at *16 (N.D. Ill. Sept. 11, 2003) ("the common thread that unifies the claim of discrimination in the terms and conditions of employment is that the alleged actions were motivated . . . by racial animus; the fact that plaintiffs allege that they experienced this animus in somewhat different ways with respect to the terms and conditions of employment does not defeat commonality.").

## C. Typicality

The third requirement of Rule 23(a) is that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." FED. R. CIV. P. 23(a)(3). "'A plaintiff's claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members and his or her claims are based on the same legal theory.'" *De La Fuente v. Stokely-Van Camp Inc.*, 713 F.2d 225, 232 (7th Cir. 1983) (quoting Herbert Newberg, NEWBERG ON CLASS ACTIONS § 1115(b) (1977)). Again, defendant takes issue with the fact that the named plaintiffs were housed within different facilities within the CCDC, which are subject to different standards of accessibility. This does not defeat typicality, however. "That the particular conditions may differ slightly from one cell block to the next, or that there are factual distinctions between the actual injuries suffered by [the named plaintiff] and the class members, does not

5

defeat typicality under Rule 23(a)(3)." *Chatmon v. Winnebago County*, No. 00 C 50084, 2002 WL 424617, at *1 (N.D. Ill. Mar. 18, 2002). Therefore, I find that plaintiffs' claims meet this requirement.

D. Adequacy of Representation

The final requirement of Rule 23(a) is that the class representative must "fairly and adequately protect the interests of the class." FED. R. CIV. P. 23(a)(4). The adequacy requirement is not met if the class representative has interests that are antagonistic to or in conflict with those of class members. *See Uhl v. Thoroughbred Tech. and Telecomms.*, Inc., 309 F.3d 978, 985 (7th Cir. 2002) (citations omitted). Defendant argues that plaintiffs are not appropriate class representatives because they lack credibility. Specifically, defendant points to Phipps' prior conviction for possession of drugs in April 2007.

I do not find this renders plaintiff an inadequate class representative. Defendant does not identify any interests held by plaintiffs which are antagonistic to or in conflict with those of class members. Moreover, "[c]redibility is not a requirement of a class representative, and whether or not a plaintiff is credible is irrelevant to that person's ability to be a class representative." *Levie v. Sears, Roebuck & Co.*, 496 F. Supp. 2d 944, 950 (N.D. Ill. 2007) (citing *Miller v. Material Scis. Corp.*, No. 97 C 2450, 1999 WL 495490, at *5 (N.D. Ill. 1999)). To the extent that Phipps'

6

credibility on this particular issue were relevant and problematic, the remaining named plaintiffs would arguably alleviate this concern. Accordingly, this requirement is satisfied.

E. Predominance

Federal Rule of Civil Procedure 23(b)(3) requires a plaintiff to demonstrate that questions of law or fact common to all members of the class predominate over any individual questions. Under § 12132 of the ADA, the common questions are whether plaintiffs were subject to discrimination by CCDC, and whether it was "by reason" of their disability. *See Love v. Westville Corr. Ctr.*, 103 F.3d 558, 560 (7th Cir. 1996). For the reasons discussed with respect to commonality and typicality, presently there is no reason to believe that individual questions will predominate over the common questions in this litigation. I find that the predominance requirement of Rule 23(b)(3) is met in this case.

F. Superiority

Federal Rule of Civil Procedure 23(b)(3) also requires that a class action be the superior method of adjudicating the claims at issue. Allowing the present class to proceed would be an efficient use of judicial resources, and would be superior to individual adjudication of the class members' claims in light of the nature of the claims and alleged damages. *See Robledo v. City of Chicago*, 444 F. Supp. 2d 895, 908 (N.D. Ill. 2006). Accordingly, this requirement is met.

III.

For the foregoing reasons, I grant plaintiffs' motion and certify plaintiffs' proposed class.

**ENTER ORDER:**

_____
**Elaine E. Bucklo**
United States District Judge

DATED: March 26, 2008