UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DERRICK PHIPPS, et al.<br>Plaintiff,<br>v.<br>SHERIFF OF COOK COUNTY, and COOK COUNTY, ILLINOIS,<br>Defendants. | No. 07 C 3889<br>Judge Elaine Bucklo<br>Magistrate Judge Cole |

### MOTION FOR AN EXTENSION OF TIME TO COMPLETE DISCOVERY

NOW COMES Defendant, Sheriff of Cook County, by and through its attorney, Querrey & Harrow, Ltd., and hereby moves this Honorable Court for a 90-day extension of time to complete discovery, and in support thereof states as follows:

1. On September 8, 2008, this Court entered a discovery deadline of December 8, 2008. (9/8/08 Min. Or., Dckt. # 101). As the Court is aware, this matter is certified as a class action; however, Defendants believe that Plaintiff has only identified approximately 12 class members – well short of the number of class members necessary for numerosity.

2. As such, the parties have been exchanging written discovery to ascertain the identity of additional class members. As part and parcel of this discovery, Plaintiff's counsel was to have its purported class members execute consent forms in order to allow the parties access to the Cermak Health Services medical records. From these records, the parties will be able to ascertain the size of the class.

3. If a significant number of class members does not come to fruition following the review of the medical records, a motion to decertify the class would be appropriate because 12 class members is not a sufficient number to warrant a class action. If decertified, there would be likely be 12 plaintiffs, thereby altering the scope of discovery and the universe of discoverable

information. Therefore, it is more efficient to determine whether this matter should proceed as a class action before conducting additional depositions.

4. Notably, Defendants have been made aware that the consents that have been executed by the purported class members may have been improper. For example, a purported class member has claimed that counsel for Plaintiff repeatedly asked him to execute a consent form, although the alleged class member informed Plaintiff's counsel that he was not the person indicated on the consent form. The allegations draw into question the circumstances under which the consents were secured and ultimately, the size of the class in this matter.

5. Counsel for the Sheriff of Cook County conferred with co-defendant's counsel and Plaintiff's counsel regarding the extension, however, Plaintiff indicated that he would object to any further extensions.

6. In light of the alleged class member's allegations and the lack of ascertainable class members to date, an extension of time is necessary to resolve the discovery issues and determine whether this matter should remain a class action.

**WHEREFORE**, for the foregoing reasons, Defendant, Sheriff of Cook County, respectfully prays for a 90-day enlargement of time to complete discovery and for any other relief that this Court deems necessary and just.

> Respectfully Submitted,
>
> Attorneys Sheriff of Cook County
>
> By:   s/Daniel F. Gallagher

Daniel Gallagher
Mary E. McClellan
Dominick L. Lanzito
Querrey & Harrow, Ltd.
175 West Jackson, Suite 1600
Chicago, Illinois 60604
Tel: 312-540-7000   Fax: 312-540-0578