IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DERRICK PHIPPS, et al., | ) | |
| | ) | |
| *Plaintiffs,* | ) | |
| | ) | No. 07 CV 3889 |
| -vs- | ) | |
| | ) | *(Judge Bucklo)* |
| SHERIFF OF COOK COUNTY | ) | |
| and COOK COUNTY, ILLINOIS, | ) | *(Magistrate Judge Cole)* |
| | ) | |
| *Defendants.* | ) | |

# PLAINTIFFS' OBJECTIONS TO SHERIFF'S MOTION TO EXTEND DISCOVERY CUTOFF PERIOD

Defendant Sheriff, who has not initiated any discovery in the 17 months that this case has been pending, asks the Court to forgive his lackadaisical approach to the case. Without specifying the nature of the discovery he intends to initiate, the Sheriff asks the Court for a 90 days extension of the discovery cutoff date of December 8, 2008. The Court should deny the Sheriff's motion for the reasons set out below.

1. This case involves the Sheriff's alleged discrimination against wheel-chair bound prisoners at the Cook County jail. Plaintiffs filed their original complaint on July 11, 2007 and an amended complaint the next day. Defendants filed their answer on September 14, 2007.

2. On October 3, 2007, the Court approved the joint proposed scheduling order, which set May 1, 2008 for the filing of dispositive motions and required the filing of the joint pre-trial order by September 1, 2008.

3. The Court granted plaintiff's motion for class certification on March 26, 2008. The Court subsequently extended the discovery cutoff date to December 8, 2008, and required that any dispositive motions be filed by February 9, 2009.

4. Defendants admitted in their response to plaintiffs' first request to admit (filed on January 10, 2008 as Docket Number 55), that each of the four named plaintiffs is "disabled" within the ADA.

5. Plaintiffs have diligently sought to prepare their case by the December 8th cutoff date:

    i. Plaintiffs have propounded and received responses to six production requests. Plaintiffs served their first request on November 13, 2007 and served their sixth request on September 16, 2008.

    ii. Plaintiffs have propounded five requests to admit. Plaintiffs served their first request on December 17, 2007 and their fifth request on October 22, 2008.

    iii. Plaintiffs' counsel and their expert have inspected the jail and its accommodations for wheelchair bound prisoners on three occasions: September 26, 2007, June 27, 2008, and October 17, 2008.

    iv. Plaintiffs have conducted 9 depositions, beginning on December 10, 2007 and continuing to November 14, 2008. Three additional depositions noticed by plaintiffs are scheduled to proceed before the December 8th close of discovery date.

6. Neither the Sheriff nor Cook County has sought to initiate any discovery, even though plaintiffs have produced three expert reports detailing the

deplorable conditions at the jail for wheelchair bound detainees. (Plaintiffs produced the first expert report with their motion for class certification and served the two supplemental reports on October 22, 2008.)

7. The Sheriff seeks to excuse his lack of diligence with incorrect assertions about the size of the class and by arguing that doing nothing is a permissible response to the Court's schedule.  Contrary to the Sheriff's assertion, the plaintiff class consists of far more than "12 class members."  (Motion for Extension of Time, par. 1.)

   i. Plaintiffs submitted sworn declarations from 12 putative class members on October 24, 2007 in connection with their motion for class certification. (Exhibit 1 attached.)

   ii. Defendants obtained and produced the medical records of these 12 putative class members on December 3, 2007.  (Exhibit 2 attached.)

   iii. Defendants conducted a census of wheelchair bound inmates at the jail in June of 2008; this census identified 18 wheelchair bound detainees in addition to 12 whose sworn declarations plaintiffs had previously submitted.

   iv. Plaintiffs have identified from "transportation logs" 204 prisoners who are likely class members.  Defendants have refused to produce medical records for any of those putative class members until plaintiffs produce a medical consent form signed by the putative class member.  Plaintiffs have produced 31 such consent forms.

   v. Based on their review of medical records, defendants have conceded that 11 detainees are class members. 8 of these 11 are persons who

      were not previously identified as class members. Defendants have not as yet located records for 20 putative class members.

  vi. Plaintiffs' counsel believe that the actual size of the class will be larger than the 42 wheelchair bound persons who have been identified to date. (There are 4 named plaintiffs, 12 "sworn declarants," 18 wheelchair bound detainees identified in the census, and 8 additional wheel chair bound detainees identified by defendants through medical records.) Defendants have yet to locate the medical records of 28 potential class members and there are an additional 151 putative class members whose names appear in the "transportation logs."

8. This is a case where defendants, represented by competent counsel who are skilled and experienced in these matters, have made an intelligent decision to save money by not engaging in discovery. The Sheriff is unable to describe the discovery he seeks to undertake and his motion to extend time appears calculated solely to delay and protract this litigation. The Sheriff's motion should be denied.

It is therefore respectfully submitted that the motion to extend discovery cutoff period be denied.

Respectfully submitted,

_____

Kenneth N. Flaxman
ARDC No. 830399
200 South Michigan Avenue
Suite 1240
Chicago, Illinois 60604
(312) 427-3200

Thomas G. Morrissey, Ltd.
10249 South Western Avenue
Chicago, Illinois 60643
(773) 233-7900

Robert H. Farley, Jr., Ltd.
1155 South Washington
Naperville, Illinois 60540
(630)-369-0103

*attorneys for the plaintiff class*

**Exhibit 1**

# PLAINTIFFS' EXHIBIT 1

# SWORN DECLARATIONS OF PUTATIVE CLASS MEMBERS

Andre Celestine .................................................................................................. 1

Donald Conwell ................................................................................................. 2

Shannon Crawford ............................................................................................. 3 —

Lawrence Dozier ............................................................................................... 4 —

Willie Eaton ....................................................................................................... 5 -

x Ricardo Garcia .................................................................................................. 6

Derrick Mallory ................................................................................................. 7 —

Timothy Randall ................................................................................................ 8

Marlon Sandifer ................................................................................................. 9 —

Tyrone Shaw ...................................................................................................... 10

Larry Steen ........................................................................................................ 11 —

Patrick Taylor .................................................................................................... 12

**Exhibit 2**



**OFFICE OF THE STATE'S ATTORNEY**
COOK COUNTY, ILLINOIS

RICHARD A. DEVINE
STATE'S ATTORNEY

500 RICHARD J. DALEY CENTER
CHICAGO, ILLINOIS 60602
AREA 312-603-5440

December 3, 2007

Thomas G. Morrissey, Ltd.
Attorney at Law
10249 South Western Avenue
Chicago, Illinois 60643

Re:  Phipps v Sheriff

Dear Counsel:

Enclosed please find documents Bates Stamped 00034-00542 which are in response to Plaintiff's Motion to Compel. Said documents are inclusive of medical records for: Marlon Sandifer, Ricardo Garcia, Shannon Crawford, Lawrence Dozier, Willie Eaton and Timothy Randall. Grievances for: Ricardo Garcia, Marlon Sandifer, Patrick Taylor, Andre Celestine, and Donald Conwell.

Cermak Health Services is not in receipt of any grievances from the following claimants: Sharon Crawford, Lavell Turner, Shannon Crawford, Lavell Turner, Tyrone Shaw, Timothy Randall, Lawrence Dozier, Derrick Mallory or Larry Steer.

Regards,

Jamie M. Sheehan
Assistant State's Attorney
500 Richard J. Daley Center
Chicago, Illinois 60602
(312) 603-6772

Encl.
Cc:  Mr. Larry S. Kowalczyk

## CERTIFICATE OF SERVICE

I hereby certify that on the 2nd day of December, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Jamie Melissa Sheehan, Ass't State's Atty, 50 W Washington St, Room 500, Chicago, IL 60602, and Daniel Francis Gallagher, Esq., Querrey & Harrow, Ltd., 175 W Jackson Blvd, Ste 1600, Chicago, IL 60604-2827 , and I hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants:  none.

/s/ Kenneth N. Flaxman
_____
Kenneth N. Flaxman
ARDC Number 08830399
200 S Michigan Ave, Ste 1240
Chicago, IL 60604-2430
(312) 427-3200 (phone)
(312) 427-3930 (fax)
knf@kenlaw.com (email)