IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Derrick Phipps, et al., ) | |
| ) | |
| *Plaintiffs,* ) | No. 07 C 3889 |
| ) | |
| vs. ) | Judge Bucklo |
| ) | Magistrate Judge Cole |
| Sheriff of Cook County and Cook County, ) | |
| ) | |
| ) | |
| *Defendants* ) | |

**JOINT PROTECTIVE ORDER**

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and 45 C.F.R. §164.512(e)(1), the Court finds good cause for the issuance of a protective order and ORDERS as follows:

1. The parties, Derrick Phipps, Kevin House, Kenneth Courtney, James Grant, Sheriff of Cook County, and Cook County, Illinois, and their attorneys are hereby authorized to receive, subpoena and transmit "protected health information" pertaining to all former and current wheelchair bound inmates at the Cook County Department of Corrections on or after July 11, 2005 to the extent and subject to the conditions outlined herein.

2. For the purposes of this protective order, "protected health information" shall have the same scope and definition as set forth in 45 C.F.R. §160.103 and §164. 501. Protected health information includes, but is not limited to, health information, including demographic information, relating to either (a) the past, present, or future physical or mental condition of an individual, (b) the provision of care to an individual or (c) the payment for care provided to an individual or which reasonably could be expected to identify the individual.

3. All "covered entities" (as defined by 45 C.F.R. §160.13) are hereby authorized to disclose protected health information pertaining to all persons confined at the Cook County Department of Corrections on and after August 3, 2005 to attorneys representing the plaintiff class and defendants in the above captioned litigation.

4. The parties and their attorneys are hereby authorized to use and disclose the protected health information of persons confined at the Cook County Department of Corrections on and after August 3, 2005 exclusivevly for the prosecution or defense of this action, including any appeals. This includes, but is not limited to disclosure to experts, consultants, court personnel, court reporters, copy services, trial consultants, and other entities or persons involved in the litigation process. Such disclosures shall be limited to persons whom plaintiffs' counsel reasonably believes are class members and to persons housed in rooms on the third floor of Cermak Hospital.

5. Before disclosing protected health information of any persons confined at the Cook County Department of Corrections on and after August 3, 2005 to persons involved in this litigation, counsel shall inform each such person that the protected health information may not be used or disclosed for any purpose other than this litigation. Counsel shall take all other reasonable steps to ensure that persons receiving the protected health information do not use or disclose such information for any purpose other than the prosecution or defense of this litigation. All such information and copies thereof shall be marked as "confidential."

6. Within 45 days after the conclusion of the litigation including appeals, the parties, their attorneys, and any person or entity in possession of protected health information received from counsel pursuant to paragraph four of this Order, shall return the protected health information to the covered entity or destroy any and all copies of protected health information pertaining to current and former persons confined at the Cook County Department of Corrections, except counsel are not required to secure the return or destruction of protected health information submitted to the court.

7. This Order does not control or limit the use of protected health information that comes into the possession of the parties or their attorneys from a source other than a "covered entity," as that term is defined in 45 C.F.R. §160.103.

8. This Order does not authorize either party to seal court filings or court proceedings. The Court will make a good cause determination for filing under seal if and when the parties seek to file Plaintiff's protected health information under seal.

DATED: 12/22/08

Agreed to:

/s/ Kenneth N. Flaxman
Kenneth N. Flaxman
*an attorney for plaintiffs*

/s/ Mary E. McClellan (with consent)
Mary E. McClellan
*an attorney for defendant Sheriff*

/s/ Jamie M. Sheehan (with consent)
Jamie M. Sheehan
*an attorney for defendant Cook County*

Enter:

Jeffrey Cole
United States Magistrate Judge