IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Derrick Phipps, et al., | ) | |
| *Plaintiffs* | ) | |
| | ) | |
| *-vs-* | ) | No. 07 CV 3889 |
| | ) | |
| Sheriff of Cook County and Cook County, | ) | *(Judge Bucklo)* |
| | ) | |
| | ) | |
| *Defendants.* | ) | |

## PLAINTIFF'S MEMORANDUM IN SUPPORT OF APPROVAL OF PROPOSED SETTLEMENT

Nearly 15,000 potential classmembers received notice of the proposed settlement of this case.[1] Not a single class member has objected to any portion of the settlement. For the reasons set out below, the Court should approve the proposed settlement.[2]

### I.    History of the Litigation

This action began on July 11, 2007, with the filing of a complaint by the original plaintiff Derrick Phipps. Thereafter, plaintiff filed an amended complaint, adding Kenneth Courtney, James Grant, and Kevin House as named plaintiffs.

---

[1] Notice of the proposed settlement was mailed to the last known address of 16852 potential class members.   Three recipients of notice have returned "opt-out" forms.

[2] Class counsel, with the agreement of defendants, requests that the Court extend to November 15, 2010 the time in which class members may submit claims.

On March 27, 2008, the Court granted plaintiffs' motion for class certification. After the Seventh Circuit denied interlocutory review of the class certification order, plaintiffs provided notice of the pendency of the action to potential class members.

The Court denied cross-motions for summary judgment on November 11, 2009. Thereafter, the Court accepted *Eldefonso v. Dart*, 9-cv-6682, as a related case, and the parties prepared for trial.

After extensive settlement negotiations, the parties agreed to the proposed settlement (attached as Exhibit 1), which is now before the Court for final approval.

## II.   The Proposed Settlement

The proposed settlement brings this litigation to an end. Defendants, who corrected the ADA problems which class counsel believe caused the injuries incurred by the class, will establish a "settlement fund" in the amount of seven hundred thousand dollars: four hundred thousand dollars for distribution to the unnamed members of the class, one hundred thousand dollars for incentive payments to the named plaintiffs and to resolve Eldefonso's individual claim, and up to two hundred thousand dollars for administration of the settlement. In addition to the settlement fund, defendants have agreed to reimburse class counsel for their litigation ex-

penses and to pay attorney fees in the total amount of seven hundred and thirty five thousand dollars.

Under the settlement agreement, payments to unnamed members of the class are made on a time based distribution, with individual awards ranging from one hundred dollars (for persons released from the jail the day of their arrest), to a maximum of four thousand eight hundred and fifty four dollars (for persons held for more than 13 months).

To date, 331 claims have been submitted. The settlement agreement requires class counsel to determine if the claim comes from by a bona fide class member. To date, class counsel has determined that 66 claimants are class members.[3] Counsel is obtaining further information from 82 claimants who are likely class members. Counsel has notified 122 claimants that they are not class members. 61 claimants fall into a gray area; counsel has notified each claimant that he (or she) does not appear to be a class member and has invited each to submit additional information. Counsel estimates that there will be a total of 150 bona fide claims

Class counsel estimates from the data for the claims approved to date that the average payout to each class member will be about $2,500. (Under the settlement, payouts range from $100 to $4,854.) This would al-

---

[3] Defense counsel agrees that each of these 66 claims is bona fide.

low payouts to about 160 classmembers before exhausting the $400,000 available for unnamed members of the class. Thus, the total settlement amount appears to be consistent with the total number of bona fide class members.

The settlement agreement provides that, subject to the approval of the court, each of the four named plaintiffs will receive an incentive award.[4] "Incentive awards are fairly typical in class action cases." *Rodriguez v. West Publishing Corp.*, 563 F.3d 948, 958 (9th Cir. 2009). An incentive award "is appropriate if it is necessary to induce an individual to participate in the suit," *Cook v. Niedert*, 142 F.3d 1004, 1016 (7th Cir. 1998), The proposed incentive awards reflect the service that each named plaintiff provided to the class; each award is of comparable magnitude to incentive awards in other class actions.[5]

The settlement agreement also provides that attorneys' fees and expenses will be paid by defendant Cook County in an amount set by the

---

[4] The incentive award is to be paid to each named plaintiff without any deduction for attorneys' fees or costs. Grant, Courtney, and Phipps will, subject to the approval of the Court, receive $25,000; House will receive $15,000, and Eldefonso will receive $10,000.

[5] The three class representatives in *Calvin v. Will County*, N.D.Ill.,03-cv-3086, each received a $25,000 incentive award, as did the three class representatives in *Jackson v. Sheriff*, N.D.Ill., 06 CV 493.

Court up to $735,000. The parties negotiated this amount after they had reached full agreement on the monetary relief for the class.

To obtain the settlement in this case, class counsel invested 1475.18 hours of attorney time, 237.4 hours of clerk/paralegal time, and $37,264.46 in out of pocket expenses. The lodestar comes to $797,999.50:

| Attorney | Total Hours | Rate/Hour | Total Lodestar |
|---|---|---|---|
| Thomas G. Morrissey | 824.18 | $475 | $391,484.50 |
| Robert H. Farley | 52.6 | $475 | 24,985.00 |
| Cecile L. Singer | 126.50 | $525 | 66,412.50 |
| Kenneth N. Flaxman | 471.90 | $625 | 294937.50 |
| James J. Morrissey | 237.40 | $85 | 20179.00 |
| **TOTAL LODESTAR** | | | **$797,999.50** |

## III. Standards for Approving the Settlement of a Class Action

The standards for approving the settlement of a class action were summarized by the Seventh Circuit in *Synfuel Technologies*, *Inc. v. DHL Express (USA), Inc.* 463 F.3d 646, 653 (7th Cir. 2006):

> In order to evaluate the fairness of a settlement, a district court must consider the strength of plaintiffs' case compared to the amount of defendants' settlement offer, an assessment of the likely complexity, length and expense of the litigation, an evaluation of the amount of opposition to settlement among affected parties, the opinion of competent counsel, and the stage of the proceedings and the amount of discovery completed at the time of settlement. [citation omitted]

> The most important factor relevant to the fairness of a class action settlement is the first one listed: the strength of plain-

tiff's case on the merits balanced against the amount offered in the settlement. [citation omitted]

In addition to considering the strength of plaintiff's case on the merits and the monetary payment to each class member, "district judges presiding over proposed class settlements are expected to give careful scrutiny to the terms of proposed settlements in order to make sure that class counsel are behaving as honest fiduciaries for the class as a whole because class actions are rife with potential conflicts of interest between class counsel and class members." (citations omitted) *Mirfasihi v. Fleet Mortg. Corp.* 450 F.3d 745, 748 (7th Cir. 2006).

The settlement in this case is a reasonable resolution of this class action and should be approved by the Court. No one has objected to the proposed settlement. The parties negotiated the settlement after fully preparing for trial and after all parties were aware of the strengths and weaknesses of their respective positions. Class counsel, who fully support the proposed settlement, are experienced in these matters:

Attorney Flaxman was admitted to practice in 1972. Flaxman's work in class action litigation includes *United States Parole Commission v. Geraghty*, 445 U.S. 388 (1980) (class action challenging federal parole guidelines); *Doe v. Calumet City*, 128 F.R.D. 93 (N.D.Ill. 1989) (class action challenging strip search practice of Calumet City police department); *Cal-*

*vin v. Sheriff of Will County*, 405 F.Supp.2d 933 (N.D.Ill. 2005) (class action challenging strip search practice at Will County Jail). Flaxman has also argued nearly 150 federal appeals, including five cases in the United States Supreme Court.[6]

Attorney Morrissey was admitted to practice in 1979. Morrissey was the principal attorney in *Gary v. Sheahan*, No. 96 C 7294, N.D.Ill. (class action challenging strip search procedures at the Cook County Jail) and *Hvorcik v. Sheahan*, 870 F.Supp. 864 (N.D.Ill. 1994) (class action challenging computerization of warrant information). Morrissey is lead counsel in *Bullock v. Dart*, 599 F.Supp.2d 947 (N.D.Ill. 2009) (class action challenging strip procedures of persons released from the Cook County Jail). With Flaxman, Morrissey represented the class in *Jackson v. Sheriff of Cook County*, N.D.Ill. No. 06 C 493 (class action challenging mandatory STD testing). Morrissey (with Flaxman), presently represents the class in *Parish v. Sheriff of Cook County*, N.D.Ill., No. 07 C 4369 (denial of prescription medication to detainees at the Cook County Jail).

The proposed settlement represents a reasonable resolution of this case and should be approved by the Court.

---

[6] In addition to *Geraghty*, Flaxman argued *Browder v. Director, Department of Corrections*, 434 U.S. 257 (1978); *Jaffee v. Redmond*, 518 U.S. 1 (1996); *Ricci v. Arlington Heights, cert dismissed as improvidently granted*, 523 U.S. 613 (1998), and *Wallace v. Kato*, 549 U.S. 384 (207).

## IV.    Conclusion

For the reasons above stated, the Court should approve the proposed settlement and, as agreed to by defendants, extend to November 15, 2010 the time in which class members may submit claims.

Respectfully submitted,

/s/ <u>Kenneth N. Flaxman</u>
    Kenneth N. Flaxman
    ARDC 830399
    200 S Michigan Ave, Ste 1240
    Chicago, IL 60604
    (312) 427-3200

    Thomas G. Morrissey, Ltd.
    10249 South Western Avenue
    Chicago, Illinois 60643
    (773) 233-7900

    *attorneys for plaintiffs*

**Exhibit 1**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Derrick Phipps, et al., | ) | |
| | ) | |
| *Plaintiffs,* | ) | |
| | ) | |
| -*vs*- | ) | No. 07 CV 3889 |
| | ) | |
| Sheriff of Cook County and | ) | *(Judge Bucklo)* |
| Cook County, | ) | |
| | ) | |
| . *Defendants.* | ) | |

## CLASS SETTLEMENT AGREEMENT

This settlement agreement is entered into by all parties to this action through their respective undersigned counsel to resolve all matters at issue in this action and the related action of *Eldefonso v. Cook County Sheriff,* No. 09 CV 6682.

## RECITALS

1. **Nature of litigation**. Plaintiffs filed the above captioned action, for themselves and all others similarly situated, in the United States District Court for the Northern District of Illinois alleging violations of section 202 of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12132, and section 504 of the Rehabilitation Act ("Rehabilitation Act"), 29 U.S.C. § 794(a).

2. **Class Certification.** Pursuant to the Court's order of March 6, 2008, this case is proceeding as a class action for:

-1-

All former and current wheelchair bound inmates at the Cook County Department of Corrections who after July 11, 2005 were subjected to discrimination because of their disability in violation of § 202 of the [ADA] and § 504 of the Rehabilitation Act.

3. **Important Rulings.** On November 25, 2009, the Court denied cross motions for summary judgment. The Court denied defendants' motion to reconsider on February 19, 2010 and thereafter set the case for trial to begin on April 26, 2010. After the parties filed their joint pre-trial order on March 19, 2010, the Court vacated the trial date, expressing its intent to set a new date for the fall of 2010.

4. **Settlement Process.** After exchanging drafts of the final pretrial order, counsel for the parties met to discuss the possibility of settlement. These discussions continued after the filing of the final pretrial order and have resulted in a proposed resolution of the claims asserted on behalf of the class and the individual claims asserted for the named plaintiffs, as well as of the claim asserted by the plaintiff in the related action of *Eldefonso v. Cook County Sheriff,* No. 09 CV 6682 The proposed settlement takes into account the risks, delay and difficulties involved in establishing a right to recovery in excess of that offered by this settlement and the likelihood that the litigation will be further protracted.

5. **Certification by Class Counsel:** Class Counsel have investigated the facts and the applicable law and believes that the number of class members is less than two hundred persons. Based on the foregoing, and upon an analysis of the benefits that this Settlement Agreement affords the class. Class Counsel considers it to be in the best interest of the class to enter into this Settlement Agreement.

6. **Denial of Liability:** Cook County and Sheriff vigorously contests each and every claim in the Action. Cook County and Sheriff maintain that they have consistently acted in accordance with governing laws at all times. Cook County and Sheriff vigorously deny all the material allegations set forth in the Action. Cook County and Sheriff nonetheless have concluded that it is in its best interest that the Action be settled on the terms and conditions set forth in this Stipulation. Cook County reached this conclusion after considering the factual and legal issues in the Action, the substantial benefits of a final resolution of the Action, the expense that would be necessary to defend the Action through trial and any appeals that might be taken, the benefits of disposing of protracted and complex litigation, and the desire of Cook County to conduct its business unhampered by the distractions of continued litigation.

-3-

7.    As a result of the foregoing, Cook County and Sheriff enter into this Stipulation without in any way acknowledging any fault, liability, or wrongdoing of any kind. Neither this Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by Cook County and the Sheriff of the truth of any of the allegations made in the Action, or of any liability, fault, or wrongdoing of any kind whatsoever on the part of Cook County or the Sheriff, or shall be used as precedent in the future against Cook County and the Sheriff in any way.

8.    To the extent permitted by law, neither this Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be offered as evidence or received in evidence in any pending or future civil, criminal, or administrative action or proceeding, to establish any liability or admission by Cook County and/or the Sheriff, except in any proceedings brought to enforce the Stipulation.

9.    Neither this Stipulation, nor any pleading or other paper related in any way to this Stipulation, nor any act or communication in the course of negotiating, implementing or seeking approval of this Stipulation, shall be deemed an admission by Cook County or the Sheriff

-4-

that certification of a class or subclass is appropriate in any other litigation, or otherwise shall preclude Cook County or the Sheriff from opposing or asserting any argument it may have with respect to certification of any class(es) or subclass(es) in any proceeding or this Action, or shall be used as precedent in any way as to any subsequent conduct of Cook County or the Sheriff except as set forth herein.

## DEFINITIONS

10.    In addition to the foregoing, the following terms shall have the meanings set forth below:

a. "Cook County" means the County of Cook and/or any other successors, assigns or legal representatives thereof.

b. "Sheriff" means the Sheriff of Cook County and/or any other successors, assigns or legal representatives thereof.

c. "Class Counsel" means Kenneth N. Flaxman, Kenneth N. Flaxman P.C., 200 South Michigan Avenue, Suite 1240,Chicago, Illinois 60604; Robert H. Farley, Jr., Robert H. Farley, Jr., Ltd., 1155 South Washington, Naperville, Illinois 60540; and Thomas G. Morrissey, Ltd., 12049 South Western Avenue, Chicago, Illinois, 60643.

d. "Class Member" means any person who is included within the definition of the Class (and that person's heirs, executors, administrators, successors, and assigns), and who has not timely requested exclusion from the case.

e. "Class Period" means the period commencing July 12, 2005, and continuing through June 15, 2010.

f. "Effective Date" means that date defined in paragraph 26 of this Stipulation.

-5-

g. "Final Settlement Hearing" means the hearing at which final approval of the Settlement in this matter is granted.

h. "Administrator" means class counsel.

i. "Potential Class Members" means all persons who would qualify as part of the Class, prior to the date by which exclusion from the Class must be requested.

j. "Released Claims" means and includes any and all Unknown Claims, known claims, and rights, demands, actions, causes of action, suits, debts, liens, contracts, liabilities, agreements, interest, costs, expenses or losses, for the acts alleged or which are or could have been alleged by the Named Plaintiffs or the Potential Class Members in this Action, or relate in any way whatsoever to this Action regarding alleged discrimination against wheelchair bound inmates at the Cook County Department of Corrections due to their disabilities, including, but not limited to, statutory and non-statutory attorneys' fees, violation of the ADA, and violation of the Rehabilitation Act, and any cause of action or claim not filed to date in a court of law known or unknown on or before the date of this settlement that arose out of his (or her) incarceration at the jail.

k. "Released Persons" means Cook County, Cook County's counsel, the Sheriff of Cook County, the Sheriff's counsel, and any of the Sheriff's and Cook County's past, present or future officers, agents, employees and/or independent contractors, and/or any other successors, assigns, or legal representatives thereof.

l. "Class" means all former and current wheelchair bound inmates at the Cook County Department of Corrections who, from July,12, 2005 through June 15, 2010, were subjected to discrimination because of their disability in violation § 202 of the ADA and § 504 of the Rehabilitation Act.

m. "Valid Claim Form" means a Claim Form which includes an affirmation under penalty of perjury stating the Class Member: (1) was or is an inmate at the Cook County Department of Correction from July 11, 2005 through the date of preliminary approval of the settle-

-6-

ment; (2) was wheelchair bound during the time she or he was an inmate; (3) the reason why the claimant was wheelchair bound, and (4) during the time he or she was a wheelchair bound inmate, he or she was not provided sufficient (a) bathroom, sleeping and/or living facilities; and/or (b) rehabilitation or drug treatment programs.

## RELIEF

11.   **Class Closure Date:** as of June 15, 2010, the date of class closure, all ADA qualified wheelchair bound detainees at the Cook County Jail are housed in ADA accessible cells or housing or reasonable accommodations have been made.

12.   **Monetary Relief to the Class.** To resolve all claims at issue in this case involving monetary relief to class members, other than attorneys' fees, expert and consulting witness fees and litigation costs, the parties have agreed that, as part of the consideration for this Agreement, Defendants will establish a fund (the "Settlement Fund") in the amount of $500,000 (five hundred thousand dollars). This amount includes incentive payments to the named plaintiffs, as well as the administrative costs and expenses that have been and will be incurred in connection with this settlement. The "Settlement Fund" also includes monies to be distributed to class members to satisfy all claims that have accrued to the date of entry of judgment in accordance with the "distribution algorithm" described in section 15 below.

-7-

13.   **Incentive Payments.** Each of the named plaintiffs Grant, Courtney, and Phipps will, subject to the approval of the Court, receive an incentive award of $25,000.00; named plaintiff House will receive an incentive aware of $15,000 and related Plaintiff Eldefonso will receive an incentive aware of $10,000.00 to be paid from the Settlement Fund. Such award shall be in lieu of, and not in addition to, any other awards to which the named plaintiffs may be entitled under this settlement.

14.   **Administration of the Settlement. An Addministration Fund in the amount of $200000.00 shall established.** The cost of administration of the settlement, including but not limited to notice to the class, locating class members who cannot be reached by first class mail, establishing class membership, processing of claim forms, mailing of settlement checks and 1099 forms, shall be paid from the Administration Fund in an amount not to exceed two hundred thousand dollars. For purposes of performing ministerial work in the administration of this settlement only, class counsel agrees to a rate of $200.00 per hour. Cook County shall reimburse counsel for administrative costs upon receipt of itemized statements, with payments to be made within 30 days of receipt of said statement with a maximum amount not to exceed the Administrative fund of $200,000.00. Any portion of the $200,000.00 not expended by September, 2011 for adminis-

-8-

trative and notice costs and expenses from the Administration Fund shall revert to Cook County.

15. **Payments to Class Members**. The parties, while recognizing that each class member with a valid claim has a distinct claim for damages, agree that the expense, uncertainly, and delay of providing each class member with an individual determination of damages outweighs the benefits of a categorical, time-based distribution. Accordingly, payments to class members shall be made according to the following algorithm:

| | |
|---|---|
| Released day of arrest | $100 |
| 2 days through 30 days | $100 for first day plus $25 day, to a maximum of $825 for the first 30 days |
| More than 30 days | $825 for first 30 days, plus $11 per day, to a maximum award of $4,854 |

The actual amount to be paid to each class member will be determined within 60 days after expiration of the date for submission of claim forms. The total amount to be paid to class members, other than the named plaintiffs, will not exceed $400,000 (Four Hundred Thousand Dollars), and will be determined by class counsel by dividing the sum of claims computed in accordance with the above distribution formula by $400,000. If the sum of the claims exceeds $400,000, each claim shall be reduced by a proportionate amount. If the sum of the claims is less than $400,000, the remainder shall be held by the Cook

-9-

County Comptroller for a period of one year to allow payment of any claim submitted late with good cause shown. Any funds remaining at the expiration of this one year period shall revert to Cook County.

16. **Attorneys' Fees and Expenses:** Attorneys' fees and costs were not finally negotiated by Class Counsel and counsel for the Released Parties until after full agreement was reached on the monetary relief for the class. Class counsel represented that the total amount of attorneys' fees and expenses incurred to date is in excess of $735,000 (Seven Hundred and Thirty Five Thousand Dollars). Cook County has agreed not to contest any request by Class Counsel for an award up to this amount. Cook County agrees that it will pay attorneys' fees and expenses in two installments: the first shall be made within 35 days following the Court's final approval of the settlement and shall be in the amount of half of the fees awarded and the entirety of the costs awarded; the second installment shall be made on January 15, 2011 for the remaining balance.

## NOTICE AND CLAIMS PROCEDURE

17. Within twenty-one days after the Court has given its preliminary approval to this proposed settlement, notice of the proposed settlement, information about the date and time of the fairness hearing, and notice of a right to opt-out (for those members that have not

-10-

previously received such opportunity) will be sent by first class mail to the last ascertainable address of each class member. of each class member. As used herein, "opt-out" means a qualified class member who elects not to proceed under this agreement but elects to be removed from the class or instead elects to file an independent cause of action. All "opt-out" requests must be received by the date of the final settlement hearing. "Ascertainable" means the last known address as enhanced by the United States Postal Service change of address database. The cost of this notice shall be paid by defendant Cook County. In the event that this settlement obtains final approval from the Court, the cost of notice will be deducted from the sum reserved for payment of costs and administration expenses.

18.    To participate in this settlement, each Class Member must submit a sworn Claim Form postmarked no later than - the date certain established on the final Class Notice . The Claim Form must provide the information specified in Section 17 above and an affirmation under penalty of perjury that the information set forth is true and correct.

19.    The Class Notice will include a forwarding and return address, which will be a Post Office Box controlled by Class Counsel.

-11-

Class Counsel shall provide Cook County and the Sheriff with copies of all claim forms received.

20. Within 45 days of receipt of a claim form, class counsel shall determine whether the claimant appears to be a class member. Class counsel shall inform any claimant deemed by counsel not to be a class member of the reason for this determination and of the claimant's right to petition the Court for a review of this determination.

21. Class counsel shall promptly notify Cook County and the Sheriff of any determination that a claimant appears to be a class member. All such claims shall be paid by the Administrator unless, within 30 days of receipt of any such certification, Cook County or the Sheriff provides class counsel with written notice of its challenge that a particular claimant is a member of the class. Counsel for the parties shall meet and attempt to resolve any such challenges. Failing to reach an agreement, the dispute shall be submitted to the Court for resolution. The Court specifically reserves jurisdiction to resolve any challenges to class membership. The determination by the Court is final non-appealable.

## DECEASED, DISSOLVED, BANKRUPT, OR INCAPACITATED CLASS MEMBERS

22. Where a Class Member is deceased and a payment is due to that Class Member, upon receipt of a proper notification and documentation, the settlement payment shall be made in accordance with Illinois law.

23. Where a Class Member has been declared bankrupt, or is the subject of an open and ongoing bankruptcy proceeding, and a payment is due to the Class Member, upon receipt of proper notification and documentation, the settlement payment shall be made to such Class Member in accordance with applicable United States Bankruptcy Code laws.

## COMMUNICATIONS WITH THE CLASS

24. The Class Notice shall list Class Counsel's addresses. Other than as provided for in this Stipulation, communications relating to the Action or this Settlement with persons receiving Class Notices and Potential Class Members shall be through Class Counsel. Nothing in this Stipulation shall be construed to prevent Cook County, the Sheriff, their employees, agents or representatives from communicating with Potential Class Members or Class Members in the normal course of its operations.

-13-

## CONDITIONS OF SETTLEMENT AND EFFECT OF DISAPPROV-AL, CANCELLATION OR TERMINATION OF STIPULATION

25.     If the Court disapproves this Stipulation or fails to rule, or if the Court enters the Final Judgment but it is reversed or vacated on appeal, this Stipulation shall be null and void and of no force and effect. If the Court materially modifies any provision of the Stipulation or proposed Final Judgment, or if either is materially modified on appeal or remanded to the Court for modification, with Cook County and the Sheriff determining what is "material" in the use of its reasonable discretion, Cook County,l the Sheriff or Class Counsel shall have the option of terminating this Stipulation and withdrawing this consent to the entry of the Final Judgment, in which case this Stipulation shall be null and void and of no force and effect.

26.     If any financial obligation is imposed upon Cook County in addition to or greater than those specifically set out in this Stipulation, Cook County may withdraw its consent to the entry of the Final Judgment, in which case this Stipulation shall be null and void and of no force and effect. In addition, Cook County or the Sheriff, at their option, may withdraw its consent to the entry of the Final Judgment if more than twenty (20%) percent of the qualified class members opt out of this litigation.

-14-

27.     The "Effective Date" of this Stipulation shall be the date on which the Court enters an order approving this proposed settlement and subject to paragraph 25 *supra*.

## OBJECTIONS AND REQUESTS FOR EXCLUSION

28.     Potential Class Members who have not previously been afforded an opportunity to opt-out of this case may exclude themselves from this settlement by submitting a written request for exclusion by date of the final settlement hearing.   Written requests for exclusion must be signed and include the Potential Class Member's name, address, and telephone number, and expressly state the desire to be excluded from the case. Any class member who has not filed a timely request for exclusion may file a notice of intent to object to the proposed settlement. The written notice of intent to object must be filed with the Clerk of the Court not later than 7 days before the date set for the Final Settlement Hearing.

29.     Defendants propose that Class Counsel agree that any representation, encouragement, solicitation or other assistance, including but not limited to referral to other counsel, to any person seeking exclusion from the Settlement Class, or any other person seeking to litigate with Cook County, the Sheriff of Cook County or their employees over any of the Released Claims or represent any form of opt-out class

-15-

from this Settlement, would place Class Counsel in an untenable con-
flict of interest with the Settlement Class. Class counsel disagree that
there would be a conflict of any sort. The parties have agreed to submit
this dispute to the Court for resolution. If the Court concludes that
there would be a conflict of interest with the Settlement Counsel, de-
fendants ask the Court to order Class Counsel and their respective
firms, as well as all other counsel of record in the Action for the Named
Plaintiffs, not to represent, encourage, solicit any person in requesting
exclusion from the Settlement Class or to benefit financially from any
referral. In addition, defendants ask the Court to order Class Counsel
and their respective firms not to represent, encourage, solicit or other-
wise assist any person who requests exclusion from the Settlement
Class, or seeks to represent any form of opt-out class from this Settle-
ment, or any other person, in any subsequent litigation that person
may enter into with Cook County, the Sheriff of Cook County or their
employees regarding the Released Claims or any related claims of this
settlement.

## REPRESENTATIONS AND WARRANTIES

30.    Plaintiffs and Class Counsel warrant and represent that no
promise or inducement has been offered or made for the Release in pa-
ragraphs 30-31 except as set forth herein, that the Release is executed

-16-

without any reliance whatsoever on any statements or representations not contained herein, including but not limited to any statements, conduct, disclosure or non-disclosure or representations regarding discovery in the Action, and that the Release reflects the entire agreement among the parties with respect to the terms of the Release. The warranties and representations made herein shall survive the execution and delivering of the Release and shall be binding upon the parties' heirs, representatives, successors and assigns.

## RELEASES

31.    Upon the Effective Date, Plaintiffs, all Class Members, and their heirs, trustees, executors, administrators, principals, beneficiaries, assigns and successors will be bound by the Final Judgment and conclusively deemed to have fully released, acquitted and forever discharged, as defined in paragraph 10 j.

32.    All people and entities who meet the Class Definition and who have not timely filed "opt out" forms shall be forever barred from prosecuting their own lawsuit asserting any of the claims at issue in this litigation and they and their heirs, executors, administrators, representatives, agents, partners, successors and assigns shall be deemed to have fully released and forever discharged the Released Persons (defined below) from all Released Claims (defined below).

-17-

a. "Released Persons" means County of Cook and the Sheriff of Cook County each of their past or present directors, officers, employees, agents, Board members, attorneys, advisors, consultants, representatives, partners, affiliates, parents, subsidiaries, related companies, and divisions, and each of their predecessors, successors, heirs and assigns.

b. "Released Claims" means any and all liabilities, claims, cross-claims, causes of action, rights, actions, suits, debts, liens, contracts, agreements, damages, restitution, disgorgement, costs, attorneys' fees, losses, expenses, obligations or demands, of any kind whatsoever that the Releasing Persons may have or may have had, whether in arbitration, administrative, or judicial proceedings, whether known or unknown, suspected or unsuspected, threatened, asserted or unasserted, actual or contingent, liquidated or unliquidated, that were alleged in this lawsuit. This re lease does not extend to any claim that may be, has been, or will be, asserted on behalf of the "releasing person" as an unnamed class member in any other action.

-18-

## MISCELLANEOUS PROVISIONS

33.     The parties hereto and their undersigned counsel agree to undertake their best efforts and mutually cooperate to effectuate this Stipulation and the terms of the proposed settlement set forth herein, including taking all steps and efforts contemplated by this Stipulation, and any other steps and efforts which may become necessary by order of the Court or otherwise. The parties hereto further agree to defend this Stipulation against objections made to final approval of the Settlement or in any appeal of the Final Judgment or collateral attack on the Stipulation or Final Judgment. Class Counsel will not seek from Cook County any additional compensation, including attorney fees, cost, expenses or reimbursements for any work that may be involved in defending this agreement.

34.     The undersigned counsel represent that they are fully authorized to execute and enter into the terms and conditions of this Stipulation on behalf of their respective clients. This agreement is subject to formal approval by the Cook County Board, which is expected on July 14, 2010.

35.     Except as otherwise provided between the parties, this Stipulation contains the entire agreement between the parties hereto, and supersedes any prior agreements or understandings between them. All

-19-

terms of this Stipulation are contractual and not mere recitals, and shall be construed as if drafted by all parties hereto. The terms of this Stipulation are and shall be binding upon each of the parties hereto, their agents, attorneys, employees, successors and assigns, and upon all other persons claiming any interest in the subject matter hereof through any of the parties hereto, including any Class Member.

36.   To the extent permitted by law, this Stipulation may be pleaded as a full and complete defense to, and may be used as the basis for an injunction against, any action, suit or other proceeding which may be instituted, prosecuted or attempted in breach of this Stipulation.

37.   **Enforcement and Reservation of Jurisdiction**. The parties agree that the Court will reserve jurisdiction to enforce the provisions of this agreement and that the Court may, for good cause, adjust and reset the dates set out in paragraph 14 above for a reasonable period following final approval of this settlement. If the Court approves the settlement, it will enter an order of dismissal that will dismiss the litigation with prejudice as to all Class Members, except those persons who have timely filed "opt out" forms.

-20-

Agreed to, this __th day of June, by the party representatives below who have affixed their signatures showing their assent to the above Class Settlement Agreement.

*Plaintiffs' Counsel:*

_____  _____
Kenneth N. Flaxman        Thomas G. Morrissey
200 S. Michigan Ave Suite 1240  10249 S. Western Ave
Chicago, IL 60604-2430     Chicago, IL 60643
(312) 427-3200        (773) 233-7900


*The County of Cook is represented in the litigation by:*

_____
Cook County State's Attorney's Office
Richard J. Daley Center
50 W. Washington Room 500
Chicago, IL 60602
(312) 603-6572


*The Sheriff of Cook County is represented in the litigation by:*

_____
Querrey & Harrow, Ltd.
175 W. Jackson Street 16th Floor
Chicago, IL 60604
(312) 540-7674

-21-

# CERTIFICATE OF SERVICE

I hereby certify that on the 15th day of September, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Jamie Melissa Sheehan, Ass't State's Atty, 50 W Washington St, Room 500, Chicago, IL 60602, and Daniel Francis Gallagher, Esq., Querrey & Harrow, Ltd., 175 W Jackson Blvd, Ste 1600, Chicago, IL 60604-2827 , and I hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants: none.


/s/ Kenneth N. Flaxman
_____
Kenneth N. Flaxman
ARDC Number 08830399
200 S Michigan Ave, Ste 1240
Chicago, IL 60604-2430
(312) 427-3200 (phone)
(312) 427-3930 (fax)
knf@kenlaw.com (email)