IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Derrick Phipps, et al., | ) | |
| | ) | |
| *Plaintiffs,* | ) | |
| | ) | |
| -*vs*- | ) | No. 07 CV 3889 |
| | ) | |
| Sheriff of Cook County and | ) | *(Judge Bucklo)* |
| Cook County, | ) | |
| | ) | |
| . *Defendants.* | ) | |

## CLASS SETTLEMENT AGREEMENT

This settlement agreement is entered into by all parties to this action through their respective undersigned counsel to resolve all matters at issue in this action and the related action of *Eldefonso v. Cook County Sheriff,* No. 09 CV 6682.

## RECITALS

1.     **Nature of litigation**. Plaintiffs filed the above captioned action, for themselves and all others similarly situated, in the United States District Court for the Northern District of Illinois alleging violations of section 202 of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12132, and section 504 of the Rehabilitation Act ("Rehabilitation Act"), 29 U.S.C. § 794(a).

2.     **Class Certification.** Pursuant to the Court's order of March 6, 2008, this case is proceeding as a class action for:

All former and current wheelchair bound inmates at the Cook County Department of Corrections who after July 11, 2005 were subjected to discrimination because of their disability in violation of § 202 of the [ADA] and § 504 of the Rehabilitation Act.

3. **Important Rulings.** On November 25, 2009, the Court denied cross motions for summary judgment. The Court denied defendants' motion to reconsider on February 19, 2010 and thereafter set the case for trial to begin on April 26, 2010. After the parties filed their joint pre-trial order on March 19, 2010, the Court vacated the trial date, expressing its intent to set a new date for the fall of 2010.

4. **Settlement Process.** After exchanging drafts of the final pretrial order, counsel for the parties met to discuss the possibility of settlement. These discussions continued after the filing of the final pretrial order and have resulted in a proposed resolution of the claims asserted on behalf of the class and the individual claims asserted for the named plaintiffs, as well as of the claim asserted by the plaintiff in the related action of *Eldefonso v. Cook County Sheriff,* No. 09 CV 6682 The proposed settlement takes into account the risks, delay and difficulties involved in establishing a right to recovery in excess of that offered by this settlement and the likelihood that the litigation will be further protracted.

5.     **Certification by Class Counsel:** Class Counsel have investigated the facts and the applicable law and believes that the number of class members is less than two hundred persons. Based on the foregoing, and upon an analysis of the benefits that this Settlement Agreement affords the class. Class Counsel considers it to be in the best interest of the class to enter into this Settlement Agreement.

6.     **Denial of Liability:** Cook County and Sheriff vigorously contests each and every claim in the Action. Cook County and Sheriff maintain that they have consistently acted in accordance with governing laws at all times. Cook County and Sheriff vigorously deny all the material allegations set forth in the Action. Cook County and Sheriff nonetheless have concluded that it is in its best interest that the Action be settled on the terms and conditions set forth in this Stipulation. Cook County reached this conclusion after considering the factual and legal issues in the Action, the substantial benefits of a final resolution of the Action, the expense that would be necessary to defend the Action through trial and any appeals that might be taken, the benefits of disposing of protracted and complex litigation, and the desire of Cook County to conduct its business unhampered by the distractions of continued litigation.

7.     As a result of the foregoing, Cook County and Sheriff enter into this Stipulation without in any way acknowledging any fault, liability, or wrongdoing of any kind. Neither this Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by Cook County and Sheriff of the truth of any of the allegations made in the Action, or of any liability, fault, or wrongdoing of any kind whatsoever on the part of Cook County or Sheriff, or shall be used as precedent in the future against Cook County and Sheriff in any way.

8.     To the extent permitted by law, neither this Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be offered as evidence or received in evidence in any pending or future civil, criminal, or administrative action or proceeding, to establish any liability or admission by Cook County and/or Sheriff, except in any proceedings brought to enforce the Stipulation.

9.     Neither this Stipulation, nor any pleading or other paper related in any way to this Stipulation, nor any act or communication in the course of negotiating, implementing or seeking approval of this Stipulation, shall be deemed an admission by Cook County or Sheriff that certification of a class or subclass is appropriate in any other litigation,

or otherwise shall preclude Cook County or Sheriff from opposing or asserting any argument it may have with respect to certification of any class(es) or subclass(es) in any proceeding or this Action, or shall be used as precedent in any way as to any subsequent conduct of Cook County or Sheriff except as set forth herein.

## DEFINITIONS

10.     In addition to the foregoing, the following terms shall have the meanings set forth below:

a. "Cook County" means the County of Cook and/or any other successors, assigns or legal representatives thereof.

b. "Sheriff" means the Sheriff of Cook County and/or any other successors, assigns or legal representatives thereof.

c. "Class Counsel" means Kenneth N. Flaxman, Kenneth N. Flaxman P.C., 200 South Michigan Avenue, Suite 1240,Chicago, Illinois 60604; Robert H. Farley, Jr., Robert H. Farley, Jr., Ltd., 1155 South Washington, Naperville, Illinois 60540; and Thomas G. Morrissey, Ltd., 12049 South Western Avenue, Chicago, Illinois, 60643.

d. "Class Member" means any person who is included within the definition of the Class (and that person's heirs, executors, administrators, successors, and assigns), and who has not timely requested exclusion from the case.

e. "Class Period" means the period commencing July 11, 2005, and continuing through June 15, 2010.

f. "Effective Date" means that date defined in paragraph 26 of this Stipulation.

g. "Final Settlement Hearing" means the hearing at which final approval of the Settlement in this matter is granted.

h. "Administrator" means class counsel.

i. "Potential Class Members" means all persons who would qualify as part of the Class, prior to the date by which exclusion from the Class must be requested.

j. "Released Claims" means and includes any and all Unknown Claims, known claims, and rights, demands, actions, causes of action, suits, debts, liens, contracts, liabilities, agreements, interest, costs, expenses or losses, for the acts alleged or which are or could have been alleged by the Named Plaintiffs or the Potential Class Members in this Action, or relate in any way whatsoever to this Action regarding alleged discrimination against wheelchair bound inmates at the Cook County Department of Corrections due to their disabilities, including, but not limited to, statutory and non-statutory attorneys' fees, violation of the ADA, and violation of the Rehabilitation Act, and any cause of action or claim not filed to date in a court of law known or unknown on or before the date of this settlement that arose out of his (or her) incarceration at the jail.

k. "Released Persons" means Cook County, Cook County's counsel, Sheriff of Cook County, Sheriff's counsel, and any of Sheriff's and Cook County's past, present or future officers, agents, employees and/or independent contractors, and/or any other successors, assigns, or legal representatives thereof.

l. "Class" means all former and current wheelchair bound inmates at the Cook County Department of Corrections who, from July 11, 2005 through June 15, 2010, were subjected to discrimination because of their disability in violation § 202 of the ADA and § 504 of the Rehabilitation Act.

m. "Valid Claim Form" means a Claim Form which includes an affirmation under penalty of perjury stating the Class Member: (1) was or is an inmate at the Cook County Department of Correction from July 11, 2005 through the date of preliminary approval of the settlement; (2) was wheelchair bound during the time she or he was an inmate; (3) the reason why the claimant was wheelchair bound, (4) that the claimant was wheelchair bound for a period in excess of six months, and (5) that

during the time he or she was a wheelchair bound inmate, he or she was not provided sufficient (a) bathroom, sleeping and/or living facilities; and/or (b) rehabilitation or drug treatment programs.

## RELIEF

11. **Class Closure Date:** As of June 15, 2010, the date of class closure, all ADA qualified wheelchair bound detainees at the Cook County Jail are housed in ADA accessible cells or housing or reasonable accommodations have been made.

12. **Monetary Relief to the Class.** To resolve all claims at issue in this case involving monetary relief to class members, other than attorneys' fees, expert and consulting witness fees and litigation costs, the parties have agreed that, as part of the consideration for this Agreement, Defendants will establish a fund (the "Settlement Fund") in the amount of $500,000 (five hundred thousand dollars). This amount includes incentive payments to the named plaintiffs. The "Settlement Fund" also includes monies to be distributed to class members to satisfy all claims that have accrued to the date of entry of judgment in accordance with the "distribution algorithm" described in section 15 below.

13. **Incentive Payments.** Each of the named plaintiffs Grant, Courtney, and Phipps will, subject to the approval of the Court, receive an incentive award of $25,000.00; named plaintiff House will receive an

incentive award of $15,000 and related Plaintiff Eldefonso will receive an incentive award of $10,000.00 to be paid from the Settlement Fund. Such award shall be in lieu of, and not in addition to, any other awards to which the named plaintiffs may be entitled under this settlement.

14. **Administration of the Settlement.** An Administration Fund in the amount of $200,000 shall be established**.** The Administrator shall administer all aspects of the class settlement, other than the issuance of checks. The cost of administration of the settlement, including but not limited to notice to the class, locating class members who cannot be reached by first class mail, establishing class membership, processing of claim forms, mailing of settlement checks and 1099 forms, shall be paid from the Administration Fund in an amount not to exceed two hundred thousand dollars. For purposes of performing any work in the administration of this settlement only, class counsel agrees to a rate of $200.00 per hour for attorney with more than 3 years experience, and a rate of $100.00 per hour for paralegals and lawclerks. Cook County shall reimburse counsel for administrative costs upon receipt of itemized statements, with payments to be made within 30 days of receipt of said statement with a maximum amount not to exceed the Administration Fund of $200,000. Any portion of the $200,000 not ex-

pended by September 1, 2011 for administrative and notice costs and expenses from the Administration Fund shall revert to Cook County.

15. **Payments to Class Members**. The parties, while recognizing that each class member with a valid claim has a distinct claim for damages, agree that the expense, uncertainly, and delay of providing each class member with an individual determination of damages outweighs the benefits of a categorical, time-based distribution. Accordingly, payments to class members shall be made according to the following algorithm:

| | |
|---|---|
| Released day of arrest | $100 |
| 2 days through 30 days | $100 for first day plus $25 day, to a maximum of $825 for the first 30 days |
| More than 30 days | $825 for first 30 days, plus $11 per day, to a maximum award of $4,854 |

In the event of multiple incarcerations this algorithm will apply to the total aggregate time for all incarcerations combined. That is, an individual serving two separate 30 day stays at the jail wll receive damages for 60 total days as calculated above; as a result the individual will be eligible to $1,155, if qualified.

The actual amount to be paid to each class member will be determined within 60 days after expiration of the date for submission of claim forms. The total amount to be paid to class members, other than the named plaintiffs, will not exceed $400,000 (Four Hundred Thou-

sand Dollars), and will be determined by class counsel by dividing the sum of claims computed in accordance with the above distribution formula by $400,000. If the sum of the claims exceeds $400,000, each claim shall be reduced by a proportionate amount. If the sum of the claims is less than $400,000, the remainder shall be held by the Cook County Comptroller for a period of one year to allow payment of any claim submitted late with good cause shown. Any funds remaining at the expiration of this one year period shall revert to Cook County.

16.  **Attorneys' Fees and Expenses:** Attorneys' fees and costs were not finally negotiated by Class Counsel and counsel for the Released Parties until after full agreement was reached on the monetary relief for the class. Class counsel represented that the total amount of attorneys' fees and expenses incurred to date is in excess of $735,000 (Seven Hundred and Thirty Five Thousand Dollars). Cook County has agreed not to contest any request by Class Counsel for an award up to this amount. Cook County agrees that it will pay attorneys' fees and expenses in two installments: the first shall be made within 35 days following the Court's final approval of the settlement and shall be in the amount of half of the fees awarded and the entirety of the costs awarded; the second installment shall be made on January 15, 2011 for the remaining balance. These precise dates are subject to the feasibility of the Cook County Comptroller.

## NOTICE AND CLAIMS PROCEDURE

17.    Within twenty-three days after the Court has given its preliminary approval to this proposed settlement, notice of the proposed settlement, information about the date and time of the fairness hearing, and notice of a right to opt-out (for those members that have not previously received such opportunity) will be sent by first class mail to the last ascertainable address of each class member. As used herein, "opt-out" means a qualified class member who elects not to proceed under this agreement but elects to be removed from the class or instead elects to file an independent cause of action. All "opt-out" requests must be received by September 1, 2010. "Ascertainable" means the last known address as enhanced by the United States Postal Service change of address database. The cost of this notice shall be paid by defendant Cook County. In the event that this settlement obtains final approval from the Court, the cost of notice will be deducted from the sum reserved for payment of costs and administration expenses.

18.    To participate in this settlement, each Class Member must submit a sworn Claim Form postmarked no later than September 1, 2010. The Claim Form must provide the information specified in Section 10(m) above and an affirmation under penalty of perjury that the information set forth is true and correct.

19. The Class Notice will include a forwarding and return address, which will be a Post Office Box controlled by Class Counsel. Class Counsel shall provide Cook County and Sheriff with copies of all claim forms received.

20. Within 45 days of receipt of a claim form, class counsel shall determine whether the claimant appears to be a class member. Class counsel shall inform any claimant deemed by counsel not to be a class member of the reason for this determination and of the claimant's right to petition the Court for a review of this determination.

21. Class counsel shall promptly notify Cook County and Sheriff of any determination that a claimant appears to be a class member. All such claims shall be paid by Cook County unless, within 30 days of receipt of any such certification, Cook County or Sheriff provides class counsel with written notice of its challenge that a particular claimant is a member of the class. Counsel for the parties shall meet and attempt to resolve any such challenges. If counsel failing to reach an agreement, the dispute shall be submitted to the Court for resolution. The Court specifically reserves jurisdiction to resolve any challenges to class membership. The determination by the Court will be final and non-appealable. Neither Cook County nor Sheriff shall be entitled to any costs, fees, or expenses associated with resolving any challenges to

class membership. Class counsel shall be compensated from the administrative fund for their non-duplicative services in this regard at the rate set out in paragraph 14 above if, and only if, the claimant prevails.

## DECEASED, DISSOLVED, BANKRUPT, OR INCAPACITATED CLASS MEMBERS

22.     Where a Class Member is deceased and a payment is due to that Class Member, upon receipt of a proper notification and documentation, the settlement payment shall be made in accordance with Illinois law.

23.     Where a Class Member has been declared bankrupt, or is the subject of an open and ongoing bankruptcy proceeding, and a payment is due to the Class Member, upon receipt of proper notification and documentation, the settlement payment shall be made to such Class Member in accordance with applicable United States Bankruptcy Code laws.

## COMMUNICATIONS WITH THE CLASS

24.     The Class Notice shall list Class Counsels' addresses and phone numbers. Other than as provided for in this Stipulation, communications relating to the Action or this Settlement with persons receiving Class Notices and Potential Class Members shall be through Class Counsel. Nothing in this Stipulation shall be construed to pre-

vent Cook County, Sheriff, their employees, agents or representatives from communicating with Potential Class Members or Class Members in the normal course of its operations.

## CONDITIONS OF SETTLEMENT AND EFFECT OF DISAPPROVAL, CANCELLATION OR TERMINATION OF STIPULATION

25.     If the Court disapproves this Stipulation or fails to rule, or if the Court enters the Final Judgment but it is reversed or vacated on appeal, this Stipulation shall be null and void and of no force and effect. If the Court materially modifies any provision of the Stipulation or proposed Final Judgment, or if either is materially modified on appeal or remanded to the Court for modification, with Cook County and Sheriff determining what is "material" in the use of its reasonable discretion, Cook County, Sheriff or Class Counsel shall have the option of terminating this Stipulation and withdrawing this consent to the entry of the Final Judgment, in which case this Stipulation shall be null and void and of no force and effect.

26.     If any financial obligation is imposed upon Cook County in addition to or greater than those specifically set out in this Stipulation, Cook County may withdraw its consent to the entry of the Final Judgment, in which case this Stipulation shall be null and void and of no force and effect. In addition, Cook County or Sheriff, at their option, may withdraw its consent to the entry of the Final Judgment if more

than twenty (20%) percent of the qualified class members opt out of this litigation.

27.    The "Effective Date" of this Stipulation shall be the date on which the Court enters an order approving this proposed settlement and subject to paragraph 25 *supra*.

## OBJECTIONS AND REQUESTS FOR EXCLUSION

28.    Potential Class Members who have not previously been afforded an opportunity to opt-out of this case may exclude themselves from this settlement by submitting a written request for exclusion by date of the final settlement hearing.   Written requests for exclusion must be signed and include the Potential Class Member's name, address, and telephone number, and expressly state the desire to be excluded from the case. Any class member who has not filed a timely request for exclusion may file a notice of intent to object to the proposed settlement. The written notice of intent to object must be filed with the Clerk of the Court not later than September 10, 2010.

29.    Defendants propose that Class Counsel agree that any representation, encouragement, solicitation or other assistance, including but not limited to referral to other counsel, to any person seeking exclusion from the Settlement Class, or any other person seeking to litigate with Cook County, Sheriff of Cook County or their employees over

any of the Released Claims or represent any form of opt-out class from this Settlement, would place Class Counsel in an untenable conflict of interest with the Settlement Class. Class counsel disagree that there would be a conflict of any sort. The parties have agreed to submit this dispute to the Court for resolution. If the Court concludes that there would be a conflict of interest with the Settlement Counsel, defendants ask the Court to order Class Counsel and their respective firms, as well as all other counsel of record in the Action for the Named Plaintiffs, not to represent, encourage, solicit any person in requesting exclusion from the Settlement Class or to benefit financially from any referral. In addition, defendants ask the Court to order Class Counsel and their respective firms not to represent, encourage, solicit or otherwise assist any person who requests exclusion from the Settlement Class, or seeks to represent any form of opt-out class from this Settlement, or any other person, in any subsequent litigation that person may enter into with Cook County, Sheriff of Cook County or their employees regarding the Released Claims or any related claims of this settlement.

## REPRESENTATIONS AND WARRANTIES

30.    Plaintiffs and Class Counsel warrant and represent that no promise or inducement has been offered or made for the Release in paragraphs 31-32 except as set forth herein, that the Release is executed

without any reliance whatsoever on any statements or representations not contained herein, including but not limited to any statements, conduct, disclosure or non-disclosure or representations regarding discovery in the Action, and that the Release reflects the entire agreement among the parties with respect to the terms of the Release. The warranties and representations made herein shall survive the execution and delivering of the Release and shall be binding upon the parties' heirs, representatives, successors and assigns.

## RELEASES

31.    Upon the Effective Date, Plaintiffs, all Class Members, and their heirs, trustees, executors, administrators, principals, beneficiaries, assigns and successors will be bound by the Final Judgment and conclusively deemed to have fully released, acquitted and forever discharged, as defined in paragraph 10(j).

32.    All people and entities who meet the Class Definition and who have not timely filed "opt out" forms shall be forever barred from prosecuting their own lawsuit asserting any of the claims at issue in this litigation and they and their heirs, executors, administrators, representatives, agents, partners, successors and assigns shall be deemed to have fully released and forever discharged the Released Persons (defined below) from all Released Claims (defined below).

a.  "Released Persons" means County of Cook and the Sheriff of Cook County each of their past or present directors, officers, employees, agents, Board members, attorneys, advisors, consultants, representatives, partners, affiliates, parents, subsidiaries, related companies, and divisions, and each of their predecessors, successors, heirs and assigns.

b.  "Released Claims" are as defined in paragraph 10(j) above.

## MISCELLANEOUS PROVISIONS

33.  The parties hereto and their undersigned counsel agree to undertake their best efforts and mutually cooperate to effectuate this Stipulation and the terms of the proposed settlement set forth herein, including taking all steps and efforts contemplated by this Stipulation, and any other steps and efforts which may become necessary by order of the Court or otherwise. The parties hereto further agree to defend this Stipulation against objections made to final approval of the Settlement or in any appeal of the Final Judgment or collateral attack on the Stipulation or Final Judgment. Class Counsel will not seek from Cook County any additional compensation, including attorney fees, cost, expenses or reimbursements for any work that may be involved in defending this agreement.

34.     The undersigned counsel represent that they are fully authorized to execute and enter into the terms and conditions of this Stipulation on behalf of their respective clients. This agreement is subject to formal approval by the Cook County Board, which is expected on July 14, 2010.

35.     Except as otherwise provided between the parties, this Stipulation contains the entire agreement between the parties hereto, and supersedes any prior agreements or understandings between them. All terms of this Stipulation are contractual and not mere recitals, and shall be construed as if drafted by all parties hereto. The terms of this Stipulation are and shall be binding upon each of the parties hereto, their agents, attorneys, employees, successors and assigns, and upon all other persons claiming any interest in the subject matter hereof through any of the parties hereto, including any Class Member.

36.     To the extent permitted by law, this Stipulation may be pleaded as a full and complete defense to, and may be used as the basis for an injunction against, any action, suit or other proceeding which may be instituted, prosecuted or attempted in breach of this Stipulation.

37.     **Enforcement and Reservation of Jurisdiction**. The parties agree that the Court will reserve jurisdiction to enforce the pro-

visions of this agreement and that the Court may, for good cause, adjust and reset the dates set out in paragraph 18 above for a reasonable period following final approval of this settlement. If the Court approves the settlement, it will enter an order of dismissal that will dismiss the litigation with prejudice as to all Class Members, except those persons who have timely filed "opt out" forms.

Agreed to, this 24th day of June, by the party representatives below who have affixed their signatures showing their assent to the above Class Settlement Agreement.

*Plaintiffs' Counsel:*

/s/ Kenneth N. Flaxman      /s/ Thomas G. Morrisey
Kenneth N. Flaxman         Thomas G. Morrissey
200 S. Michigan Ave Suite 1240  10249 S. Western Ave
Chicago, IL 60604-2430       Chicago, IL 60643
(312) 427-3200                (773) 233-7900

*The County of Cook is represented in the litigation by:*

/s/ Mary McClellan, ASA (with consent)
Mary McClellan, ASA
Cook County State's Attorney's Office
Richard J. Daley Center
50 W. Washington Room 500
Chicago, IL 60602
(312) 603-6572

*The Sheriff of Cook County is represented in the litigation by:*

Daniel F. Gallather (with consent)

Daniel F. Gallagher
Querrey & Harrow, Ltd.
175 W. Jackson Street 16th Floor
Chicago, IL 60604
(312) 540-7674